IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GARY DEAN POSEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-287 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS**

Came for consideration the Petition for Writ of Habeas Corpus filed by petitioner GARY DEAN POSEY challenging an August 18, 2010, conviction out of the 108th Judicial District Court of Potter County, Texas for possession of methamphetamine in a drug free zone. Petitioner is serving a fifty-year sentence on this conviction. *See State v. Posey*, No. 61,421. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the petition should be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

The police received a tip from a confidential informant that Posey was dealing methamphetamine out of his northwest Amarillo residence. After confirming the presence of Posey at the residence through a series of stakeouts, a SWAT team executed a search warrant.

Once inside the residence, officers apprehended Posey and discovered a large quantity of methamphetamine.

Following his arrest, petitioner Posey was charged by indictment with possession of a controlled substance in a drug free zone on March 31, 2010, in Cause No. 61,421, Potter County, Texas. Posey entered a plea of not guilty, and after a trial, the jury returned a verdict of guilty. The primary charge was enhanced by two prior convictions, and petitioner's punishment was set at fifty years in prison.

On direct appeal, counsel for petitioner filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming there were no meritorious claims to raise on appeal. Petitioner Posey filed a pro se brief. The Amarillo Court of Appeals affirmed Posey's conviction on May 26, 2011. *Posey v. State*, No. 07-10-0338-CR, 2011 WL 2078548 (Tex. App.—Amarillo May 26, 2011, no pet.). Petitioner filed a state habeas application on August 11, 2011, which was denied without written order on October 5, 2011. Petitioner then filed this federal Petition for a Writ of Habeas Corpus on December 5, 2011.

## II.
## PETITIONER'S CLAIMS

Petitioner alleges his conviction and sentence violate his rights under the United States Constitution because:

1. The trial court erred by denying his motion to dismiss for violation of his right to a speedy trial;

2. His trial counsel provided ineffective assistance by:

    A. Failing to properly raise petitioner's speedy trial claims, and

    B. Failing to argue petitioner's right to confrontation was violated; and

3. The trial court denied petitioner due process by failing to require the state to disclose the identity of a confidential informant.

## III.
## AEDPA

Pursuant to 28 U.S.C. § 2254(d), a federal writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision adjudicated on the merits in state court and based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden to rebut the presumption of correctness by clear and convincing evidence. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application, it is an adjudication on the merits, and is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim."); *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (recognizing this Texas state writ jurisprudence).

## IV.
## SPEEDY TRIAL

In his first ground, petitioner claims he was denied his right to a speedy trial, and that the trial court committed error by failing to dismiss his case because of the denial of that right. In evaluating whether a petitioner's right to a speedy trial has been violated, courts utilize a four-factor balancing test, examining (1) the length of delay; (2) the reason for delay; (3) petitioner's diligence in asserting his right; and (4) the prejudice to petitioner. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). "The length of the delay is . . . a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." In the Fifth Circuit, a delay of at least one year from the time of arrest or indictment, whichever occurs first, to the time of trial is presumed to trigger the use of the balancing test. *See United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003); *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993).

"In applying a *Barker* balancing [test], the court must weigh the first three *Barker* factors–length of the delay, reason for the delay, and defendant's diligence in asserting his right–against any prejudice suffered by the defendant due to the delay in prosecution." *Serna-Villarreal*, 352 F.3d at 230. In assessing prejudice, three interests are key: "(1) the prevention of 'oppressive pretrial incarceration,' (2) reducing the 'anxiety and concern of the accused,' and (3) protecting against impairment of the defense." *Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994) (quoting *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193).

According to petitioner's brief, there was a delay of approximately seventeen months between Posey's arrest and the time of his trial, presumptively long enough to trigger application of the balancing test. According to the state, and Posey does not dispute this, the delay in

Posey's trial was largely attributable to Posey's actions. The trial was scheduled to proceed several times but Posey wished to replace his counsel, which brought about a considerable portion of the delay. Eventually, counsel was replaced, Posey moved to start trial, and trial began shortly thereafter.

Considering the first factor, the length of the delay, here a year and five months is a relatively short period of delay compared to cases where speedy trial violations have been found. Second, as discussed above, the delay in the trial was largely attributable to Posey. Third, while petitioner eventually was diligent in asserting his right to have his trial proceed, once he asserted that right, the trial began in short order. After considering the factors just discussed, it follows that Posey would need to demonstrate a high degree of prejudice for his speedy trial claim to be cognizable. Posey, however, has presented no evidence demonstrating he was prejudiced by any delay and none is apparent from the record. There is no evidence any witnesses were lost, recollections of the events were forgotten, or that anything happened which would hamper Posey's ability to present a defense. Nor has he shown he suffered extraordinary anxiety or concern, or that his incarceration was oppressive. Rather, Posey attempts to rely on a line of cases where the court found the defendant was presumptively prejudiced by the delay. These cases are of no benefit to Posey because the general rule in the Fifth Circuit is that a delay of less than five years is not presumptively prejudicial. *Serna-Villareal*, 352 F.3d at 232 (finding a delay of three years and nine months to not be presumptively prejudicial). Because petitioner has not presented any evidence of actual prejudice and because the delay is not of sufficient length to be presumptively prejudicial, petitioner's first claim, relating to a denial of a speedy trial, is without merit.

## V.
## EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his second ground, petitioner claims his trial counsel was ineffective. This claim is governed by *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687, 104 S.Ct. at 2064. If the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution the performance was deficient. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Id.* at 690-91, 104 S. Ct. at 2066. This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S.___, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563 U.S.___, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

Even if deficient performance is shown, a petitioner must also show counsel's deficient performance prejudiced the defense. To prove prejudice a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v.*

*Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir. 1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law, and presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* ___ U.S.___, 134 S.Ct. 10, 187 L. Ed. 2d 348 (2013). The absence of evidence cannot overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" and cannot establish that performance was deficient. *Id.* Petitioner Posey's ineffective assistance of counsel claim was adjudicated on the merits in a state court proceeding and the denial of relief was based on a factual determination. It, therefore, cannot be overturned unless the state court finding was objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 1029 (2003). A state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Burt*, 134 S. Ct. at 15.

*A. Failing to Raise Speedy Trial Claim*[1]

Petitioner's claim that counsel failed to properly assert his right to a speedy trial during

---

[1] In his petition Posey raises the effectiveness of his trial counsel with regards to his speedy trial claim in his first ground. The Court has addressed the issue in part V for reasons of clarity and organizational consistency.

pre-trial proceedings is without merit. Posey claims his counsel was ineffective for failing to argue that petitioner was prejudiced by the delay. While petitioner is correct that during the hearing on the motion to dismiss counsel never specifically discussed prejudice, such is not the controlling factor. Trial counsel did argue that by demonstrating a delay of longer than one year, the burden had shifted to the state to show why such delay was justified. Lastly, trial counsel submitted a memorandum on the speedy trial issue that the trial judge took under consideration. That memorandum, however, was not entered into evidence and is not part of the record before this Court.

Since petitioner has not shown what prejudice he contends trial counsel could have argued, counsel's failure, if indeed it was a failure, to argue prejudice is harmless. In both this section of his pleadings, and in his general speedy trial argument addressed in part IV of this Report and Recommendation, petitioner has not offered any evidence of prejudice. Petitioner must also overcome the presumption that the state court was reasonable in determining trial counsel was effective. Petitioner has not shown the state court decision was unreasonable, nor has he shown he was prejudiced by any failure by his lawyer to present evidence of prejudice because petitioner has not identified the "prejudice" he contends his lawyer failed to present. The first part of petitioner's ineffective assistance claim is without merit.

*B. Failing to Challenge Evidence as Violative of the Confrontation Clause*

In the second ground of his ineffective assistance of counsel claim, petitioner claims counsel rendered ineffective assistance by failing to challenge the search warrant's admissibility on the ground it contained out-of-court, testimonial evidence, violative of the Confrontation Clause of the Sixth Amendment.

The state responds to this claim, pointing out that evidence does not violate the Confrontation Clause when it is offered for some purpose other than proving the truth of the matter asserted. *See, e.g., Crawford v. Washington*, 541 U.S. 36, 59, n.9, 124 S.Ct. 1354, 1369, 158 L.Ed. 2d 177 (2004); *United States v. Acosta*, 475 F.3d 677, 683 (5th Cir. 2007) ("Under *Crawford* . . . the Confrontation Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."). It is not necessary for the Court to address respondent's claim, however, because petitioner was not prejudiced by the admission of the warrant affidavit.[2]

Even if it is assumed the evidence was offered for the truth of the matter asserted, that the statement did violate the Confrontation Clause, and that counsel was ineffective for failing to object to the admission of the warrant on Confrontation Clause grounds, petitioner's claim would still fail because petitioner was not prejudiced. The controlled substances the police found at petitioner's residence provided the evidence to convict, not the confidential informant's statement. Indeed, the police officers testified extensively regarding the drugs that were found at the residence. Certainly, the evidence of the actual drugs possessed by petitioner was more persuasive than a portion of a warrant affidavit, which was never mentioned at trial, and that contained a statement from an informant that the informant knew petitioner to have drugs. Even if the identity of the confidential informant had been revealed, and petitioner had been able to impeach him, the fact remains that there were still controlled substances found at petitioner's

---

[2] The Court notes the state's contention that the warrant affidavit was not offered for the truth of its contents is likely valid. At the point in the trial when the affidavit was offered, the state was proving the validity of the warrant, i.e. that the affiant had a reasonable basis for believing petitioner possessed contraband. It was not offered to prove the truth of the confidential informants statement that petitioner possessed methamphetamine. Indeed, the confidential informant's statement is not even mentioned or alluded to during the trial. Instead, the state used the direct testimony of the officers who conducted the search and who found methamphetamine in petitioner's residence to prove commission of the offense.

residence. The second part of petitioner's ineffective assistance of counsel claim is without merit.

## VI.
## DUE PROCESS

In his third ground, petitioner claims the state court violated his right to due process by failing to require the state to disclose the identity of a confidential informant.[3] The confidential informant did not testify at trial to prove petitioner's guilt, and petitioner does not claim the informant possessed exculpatory evidence he was entitled to under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963). What petitioner seems to claim is that the failure to disclose the identity of the witness generally deprived him of due process and that petitioner was entitled to disclosure of the identity of the informant under Texas Rule of Evidence 508(c)(2).

As a general due process or violation of right to fair trial claim, Posey's claim fails. Posey argues the admission of the confidential informant's statement deprived him of a fair trial because it "connected" him to the house where the methamphetamine was found. Posey ignores, however, the other evidence which connected him to the residence. Further, while Posey repeatedly asserts in his habeas pleadings that a police officer testified that a confidential informant told him the house was Posey's, such is not the case. Posey does not identify and this Court cannot find any instance of a witness testifying about the statements of the confidential informant. Officer Gabe Narramore, the witness on the stand when the warrant affidavit was offered into evidence, never mentioned the confidential informant or what the informant stated. 3 RR 164, et. seq. Rather, Officer Narramore stated that from his personal knowledge he knew

---

[3] Petitioner also claims failing to disclose the confidential informant violated his rights under the Confrontation Clause. The Confrontation Clause Issue has been previously analyzed (section V. B.). Additionally, the Confrontation Clause does not create any independent right to know the identity of confidential informants.

the residence to be owned or controlled by petitioner and that he arrested petitioner at that residence when the search warrant was executed. More importantly, petitioner was present at the residence when arrested and mail addressed to him was found. Given the minimal importance of the statements of the confidential informant within the context of the entire trial, it cannot be said the admission of the statements deprived petitioner of a fair trial.

Regarding petitioner's Texas Rule of Evidence 508(c)(2) claim, the general rule is that "a state . . . has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer . . . conducting an investigation." TEX. R. EVID. 508(a) (West 2014). Rule 508(c)(2) creates an exception where a party makes a "showing . . . that an informer may be able to give testimony necessary to a fair determination . . . on guilt or innocence in a criminal case." A defendant has "the threshold burden" of showing that an informant's identity must be disclosed because the informant potentially possesses testimony that would significantly aid the defendant. *Bodin v. State*, 807 S.W.2d 313 318-19 (Tex. Crim. App. 1991). Conjecture or supposition that an informant would possess relevant evidence is not sufficient. *Id.* Petitioner's trial counsel made no such showing during his pretrial motion (2 RR 21), and petitioner only makes conclusory claims here. Because petitioner did not make an adequate showing, the trial court did not err by upholding the state's privilege.

Even if the state trial court ruling was erroneous, this Court can only grant habeas relief if an erroneous state court evidentiary ruling violates a federal constitutional right or renders the trial fundamentally unfair. *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997). Petitioner has not shown that he was deprived of a "specific federal constitutional right." As set out in

footnote two, the Confrontation Clause was not violated and no other "specific" constitutional violation is apparent. Likewise, the trial was not rendered fundamentally unfair by the introduction of the search warrant because the confidential informant's statements were not mentioned, much less emphasized. Even if those statements had been mentioned, petitioner was convicted based upon drugs he possessed when the search warrant was executed. He was not convicted based upon drugs possessed when the confidential informant observed them. Petitioner's third ground is without merit.

## VII.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GARY DEAN POSEY be DENIED on the merits.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of October 2014.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).